**Nancy E. BAILEY, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD, Appellee.**

No. 93–856.

Supreme Court of Iowa.

June 22, 1994.

Evelyn Ocheltree, Mason City, for appellant.

William C. Whitten and Joe E. Smith, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

Nancy E. Bailey has appealed from a decision on judicial review denying her application to waive the repayment of unemployment compensation erroneously received by her. We affirm.

Bailey received emergency (or extended) unemployment compensation benefits in 1991. As a result of a Job Service mistake, she erroneously received benefits from January 5, 1992, to March 7, 1992, totaling $1725. Job Service demanded repayment, and Bailey requested that it be waived. Job Service denied her request, and the district court affirmed on judicial review.

A federal statute, Pub.L. 102–164 (1991), now found as 26 U.S.C. § 3304 (Title I, § 105(b)), provides:

Repayment.—In the case of individuals who have received amounts of emergency unemployment compensation under this Act to which they were not entitled, the State shall require such individuals to repay the amounts of such emergency unemployment compensation to the State agency, except that the State agency *may* waive such repayment if it determines that—

(1) the payment of such emergency unemployment compensation was without fault on the part of any such individual, and

(2) such repayment would be contrary to equity and good conscience.

(Emphasis added.)

The appeal board concedes that the first element has been met; the overpayment was the fault of the agency, not Bailey. The parties therefore focus on the second element, that "such repayment would be contrary to equity and good conscience."

Bailey presented evidence that the family's monthly expenses exceeded its income by $142. However, the agency found that repayment was within Bailey's means, especially in view of the earning potential of Bailey and her husband. The district court found this conclusion to be supported by substantial evidence, and we agree.

Moreover, while the federal statute quoted above provides that a state *may* waive repayment, Iowa has elected not to do so. Iowa Code section 96.3(7) (1991) provides that,

[i]f an individual receives benefits for which the individual is subsequently determined to be ineligible, even though the individual acts in good faith and is not otherwise at fault, the benefits *shall* be recovered. The division of job service in its discretion may recover the overpayment of benefits either by having a sum equal to the overpayment deducted from any future benefits payable to the individual or by having the individual pay to the division a sum equal to the overpayment.

(Emphasis added.)

The benefits in this case were "extended" benefits under Iowa law (or "emergency" benefits under federal law), as opposed to regular benefits. But the rule regarding repayments is the same. Iowa Code section 96.29 provides in part:

Except when the result would be inconsistent, . . . the provisions of the law which apply to claims for or the payment of regular benefits shall apply to claims for, and the payment of, extended benefits.

The administrative rule implementing section 96.3(7) provides for repayment in all cases. The only discretion on the part of the agency is to give the recipient more repayment flexibility if the overpayment was made by error, as opposed to misrepresentation. In either case, the benefits must be repaid. *See* 345 Iowa Admin.Code 5.8(1), (2).

Substantial evidence supports the agency finding that repayment would not be "contrary to equity and good conscience." Moreover, Iowa Code section 96.3(7) and the administrative rules set out above make it clear that the state has elected not to provide for waiver of repayment in any event. We therefore affirm the district court.

**AFFIRMED.**