**Lindy CAMPBELL, Respondent,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION and the Division of Employment Security, Appellants.**

**No. WD 50502.**

Missouri Court of Appeals, Western District.

Sept. 26, 1995.

---

**248**

John B. Keller, II, Jefferson City, for Labor and Industrial Relations Commission of Missouri.

Sharon A. Willis, Kansas City, Sandy Bowers, Jefferson City, for Division of Employment Security.

Maria T. Dugan, Legal Aid of Western Missouri, Kansas City, for respondent.

Before FENNER, C.J., and KENNEDY and SMART, JJ.

PER CURIAM.

The Labor and Industrial Relations Commission determined that $2550 would be recouped from future unemployment compensation benefits payable to Lindy Campbell. Mr. Campbell sought judicial review of the Commission's decision in the circuit court of Jackson County. The circuit court reversed the decision of the Commission and remanded the case because the record did not reflect whether the Division of Employment Security had considered issues of fairness and economic hardship before seeking recoupment. The Commission and the Division ("Appellants") appeal the circuit court's judgment.

Appellants' sole point relied on contends the circuit court erred by 1) exceeding its review jurisdiction and 2) obligating the Division to consider issues of fairness and economic hardship before seeking recoupment of overpayments. Because Missouri law does not require the Division to consider the issues of fairness and economic hardship, the judgment of the circuit court is reversed and the case is remanded to the court with directions to reinstate the decision of the Commission.

The facts in this case are not in dispute. After losing his job at a nursing home, Mr. Campbell applied for unemployment benefits and was initially determined to be qualified. His employer appealed the decision and the appeals tribunal reversed the earlier determination, concluding that Mr. Campbell had "quit his job voluntarily ... without good cause attributable to his work or to his employer." The Labor and Industrial Relations Commission affirmed the decision of the appeals tribunal, and Mr. Campbell did not challenge the Commission's decision.

■ The Commission then determined that Mr. Campbell was overpaid $2550 in unemployment compensation benefits because he received the benefits during a period of disqualification. Mr. Campbell was informed that under § 288.380.12, the Division would take repayment from any future unemployment compensation benefits for which he was eligible. Mr. Campbell sought judicial review of the Commission's decision in the circuit court of Jackson County. The court reversed the decision of the Commission on the grounds that the record did not indicate whether the Division had considered issues of fairness and economic hardship in determining whether to seek recoupment, citing footnote nine of *Roberts v. Labor and Indus. Rel. Com'n*, 869 S.W.2d 139, 144 (Mo. App.1993). The circuit court noted there was only one reference to economic hardship in the record. During a hearing before the appeals tribunal, Mr. Campbell stated he did not have any income to feed his family or pay his bills. The court remanded the case to the Commission to have the fairness and economic hardship issues "developed on the record." [1] This appeal followed.

■ The first portion of Appellants' point relied on contends the circuit court

---

1. Mr. Campbell cites *Hickman v. Division of Employment Security*, 448 S.W.2d 270, 273 (Mo.App. 1969) in support of the proposition that a circuit court judgment remanding the case to the Commission for consideration of additional evidence is not a final judgment. In *Hickman*, however, the Commission simply overlooked evidence in the record which the appellate court stated was "manifestly material and consequential to the issues presented." *Id.* at 273. Here, the circuit court remanded the case because it found, based on footnote nine in *Roberts*, that there was insufficient evidence to support the decision of the Commission. This case is analogous to the situation where a circuit court finds the decision of the Commission is not supported by competent and substantial evidence and remands the case to the Commission. Under those circumstances, and the case here, there is a final judgment for purposes of appeal. *See Price v. Labor & Indus. Rel. Com'n*, 811 S.W.2d 457 (Mo.App.1991); *Turner v. Labor & Indus. Rel. Com'n*, 793 S.W.2d 191 (Mo.App.1990); *See also Labor and Indus. Rel. Com'n v. Hoffman*, 825 S.W.2d 874, 876 (Mo.App.1992).

erred by exceeding its review jurisdiction under § 288.210, RSMo 1994.[2] This court reviews the decision of the Commission, not the judgment of the circuit court. *Burns v. Labor & Indus. Rel. Com'n,* 845 S.W.2d 553, 554 (Mo. banc 1993). The scope of appellate review in unemployment compensation cases is limited to whether the Commission's decision is supported by competent, substantial evidence and authorized by law. *Kansas City Club v. Labor and Indus. Rel. Com'n,* 840 S.W.2d 273, 274 (Mo.App.1992). The issue in this case is framed by the second portion of Appellants' point relied on, which contends the Missouri Employment Security Law (the "Act") does not require the Division to take into account issues of fairness and economic hardship in determining whether to seek recoupment of overpayments.

The relevant portions of the Act are §§ 288.381.1 and 288.380.12. § 288.381.1 provides, in pertinent part:

> ... benefits paid to a claimant pursuant to subsection 5 of section 288.070 to which the claimant was not entitled based on a subsequent determination, redetermination or decision which has become final, shall be collectible by the division as provided in subsections 11 and 12 of section 288.380.[3]

§ 288.380.12 states that:

> Any person who, by reason of any error or omission or because of a lack of knowledge of material fact on the part of the division, has received any sum as benefits under this law while any conditions for the receipt of benefits imposed by this law were not fulfilled in his case, or while he was disqualified from receiving benefits, shall after an opportunity for a fair hearing under the provisions of subsection 2 of section 288.190 have such sums deducted from any further benefits payable to him under this law, provided that the division may elect not to process such possible overpayments where the amount of same is not over five dollars.

The cardinal rule of statutory construction is to determine the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the language in its plain and ordinary meaning. *Maudlin v. Lang,* 867 S.W.2d 514, 516 (Mo. banc 1993). The entire statute should be construed to determine legislative intent, and all provisions should be harmonized, if reasonably possible. *Collins v. Director of Revenue,* 691 S.W.2d 246, 251 (Mo. banc 1985). When determining legislative intent, the court should consider the history of the statute and the problem it sought to address. *State ex rel. Cty. of St. Charles v. Mehan,* 854 S.W.2d 531, 535 (Mo.App.1993).

The general purpose of the Act is to provide unemployment compensation benefits to those who are unemployed through no fault of their own. § 288.020; *O'Dell v. Division of Employment Sec.,* 376 S.W.2d 137, 141 (Mo.1964). Courts should liberally construe the law to meet that goal. *Id.* at 141–42. However, this goal is not advanced by depleting the unemployment compensation fund for those who voluntarily leave work without good cause. "[E]ven a liberal construction does not allow benefits for all unemployment but does so only to meet the legislative intent 'to promote employment security.'" *Citizens Bank of Shelbyville v. Indus. Com'n,* 428 S.W.2d 895, 899 (Mo.App. 1968). Allowing benefits to claimants such as Mr. Campbell would only reduce the limited resources of the fund without furthering the purpose of the Act.

The Missouri legislature's intent to ensure the financial stability of the unemployment compensation fund is seen by its adoption of § 288.381 in 1972. The statute's enactment was subsequent to the United States Supreme Court's decision in *California Dept. of Human Resources Dev. v. Java,* 402 U.S. 121, 135, 91 S.Ct. 1347, 1355, 28 L.Ed.2d 666 (1971). In *Java,* the Court held that section 303(a)(1) of the Social Security Act requires benefits to be paid to a claimant after a hearing is held and it is determined that he is

---

2. Unless otherwise indicated, statutory references are to the Revised Statutes of Missouri 1994.

3. § 288.380.11 is applicable where the claimant receives benefits "by reason of the nondisclosure or misrepresentation by him or by another of a material fact."

entitled to benefits, even though an appeal is taken from that determination. *Id.* Benefits cannot be suspended during the pendency of an appeal. *Id.* This meant that state statutes which delayed payment of benefits until completion of the administrative appellate process had to be amended to conform with federal requirements in order to receive federal funds. *Brewer v. Cantrell,* 622 F.Supp. 1320, 1323–24 (D.C.Va.1985), *aff'd* 796 F.2d 472 (4th Cir.1986).

At the time of the decision in *Java,* § 288.070.4, RSMo 1969, was in effect in Missouri. This statute withheld payment of benefits during the administrative appellate process until the final decision of the Commission, unless there were two decisions in favor of allowing benefits. After *Java,* the Missouri legislature amended § 288.070 to conform with the requirements set forth in *Java.* § 288.070.5 was adopted to allow benefits to be paid to a claimant during the appeal of a deputy's initial determination. Laws of Missouri 1972, S.B. 473, p. 920 § 1. In addition, the legislature adopted § 288.381 (currently § 288.381.1), which provided for recovery of benefits paid between the time of the initial determination and the final determination of ineligibility. Laws of Missouri, 1972, S.S.H.B. 1017, p. 918, § 1.

■ The policy behind the provision is to ensure that the unemployment compensation fund is not depleted except for valid benefit payments, thus preserving the limited resources of the fund. *See Brewer,* 622 F.Supp. at 1324 (recoupment statutes "serve only to regain monies which have been awarded to the undeserving"); *Halabi v. Adm'r, Unemployment Comp. Act,* 171 Conn. 316, 370 A.2d 938, 941 (Conn.1976) ("general purpose of the statutory provision requiring reimbursement is to preserve and secure the financial stability of the unemployment compensation fund"). This policy would be undermined if those who are not entitled to funds are nevertheless entitled to keep benefits previously received.

The Missouri legislature did afford the Division some discretion in implementing the overpayment recovery scheme. In the same bill the legislature adopted § 288.381, it also adopted § 288.382. Laws of Missouri, 1972, S.S.H.B. 1017, p. 918, § 1. § 288.382 provides:

> [t]he division may, *for good cause,* determine as uncollectible and purge from its records any benefit overpayment as mentioned in subsections 11 and 12 of section 288.380 which remains unpaid after the expiration of five years after the date of the determination which established such overpayment.

■ By including the phrase "for good cause," the legislature evidenced an intent to allow the Division some discretion to waive repayment after five years. However, § 288.380.12 was not amended to include similar language, even though § 288.382 refers to § 288.380.12 and is part of the same statutory scheme for recovery of overpayments. The difference between § 288.381.1 and § 288.382 is particularly significant in that they were passed in the same legislative act. Laws of Missouri, 1972, S.S.H.B. 1017, p. 900, § 1. Statutes should be interpreted in context, especially where the statutes were passed simultaneously and appear sequentially in the legislative bill. *Cascio v. Beam,* 594 S.W.2d 942, 946 (Mo. banc 1980).

§ 288.381.1 provides that benefits erroneously received by a claimant, "shall be collectible by the division *as provided in subsections 11 and 12 of section 288.380.*" If the Division had any obligation to consider issues of fairness and economic hardship in determining whether to seek recoupment, it would be found in § 288.380.12. However, that section states only that the benefits "shall" be deducted from any future benefits payable to the claimant. No mention is made of requiring the Division to consider issues of fairness and economic hardship. The only discretion afforded the Division under § 288.380.12 is that it "may elect not to process such possible overpayments where the amount of same is not over five dollars." This provision comports with the intent of the recoupment statute to ensure the financial stability of the fund, because small overpayments do not greatly affect fund resources.

Several states have adopted statutes which either authorize or require recoupment to be waived where overpayment was not the fault

of the claimant and recovery would be against "equity and good conscience."[4] Missouri's statute does not include similar language. Mr. Campbell argues that the Division "is always required to exercise equity and good conscience in applying the Act. A specific mandate within the recoupment section of the statutes is not necessary in light of the overall purpose of the unemployment compensation program." The issue is whether courts should engraft onto the Act a requirement that the Division consider factors such as equity and good conscience before seeking recoupment of overpayments.

The Iowa Supreme Court faced a similar issue in *Bailey v. Employment Appeal Bd.*, 518 N.W.2d 369 (Iowa 1994). There, the claimant erroneously received emergency unemployment benefits due to a mistake by the state unemployment agency. The state agency later demanded repayment. The claimant sought to waive repayment on the grounds that recovery would be against "equity and good conscience." *Id.*

The Iowa Supreme Court noted that one section of the federal emergency unemployment compensation statute, 26 U.S.C. § 3304 (Title I, § 105(b)), provided that a state agency "may" waive repayment if the agency found that "such repayment would be contrary to equity and good conscience." *Id.* at 370. Section 96.3(7) of the Iowa Code stated, however, that "benefits *shall* be recovered." The Iowa Supreme Court concluded that although Iowa could have provided for waiver of repayment where recovery would be against equity and good conscience, it had elected not to do so. *Id.* The only discretion afforded the agency under § 96.3(7) was the method of repayment, not whether repayment would be sought.

▇▇▇ Although *Bailey* dealt with the relationship between federal and state emergency unemployment compensation statutes, the reasoning in *Bailey* is persuasive. Courts should not add provisions to a statute under the pretense of statutory construction if the

provisions "are not plainly written or necessarily implied from the words used." *Cook v. Pedigo*, 714 S.W.2d 949, 952 (Mo.App.1986). §§ 288.381.1 and 288.380.12 provide that overpayments shall be deducted from future unemployment compensation benefits. Terms such as "fairness and economic hardship" cannot be read into those statutes without overlooking the language of the statutes and the policy behind them.

Mr. Campbell cites *Roberts*, 869 S.W.2d at 144 n. 9, in support of a contrary interpretation of § 288.381.1. In footnote nine of *Roberts*, this court stated that where overpayments are made because of error, omission, or a lack of knowledge of a material fact on the Division's part, "it is clear the Division has discretion, indeed an obligation, to take into account issues of fairness and economic hardship in deciding whether to seek recoupment in such cases." The court based its conclusion on two grounds: 1) "collectible" means "capable of being collected," and 2) the Act, under § 288.020.2, should be given a liberal construction. *Id.*

The statements in footnote nine of *Roberts* are obiter dicta in that they were not essential to the court's decision of the issue before it. *State ex rel. Anderson v. Hostetter*, 140 S.W.2d 21, 24 (Mo. banc 1940). Accordingly, the statements are not controlling on this court. *Id.* "Any reported opinion should be read in the light of the facts of that particular case, and it would be unfair as well as improper 'to give permanent and controlling effect to casual statements outside the scope of the real inquiry.'" *State on Information of Dalton v. Miles Laboratories*, 282 S.W.2d 564, 573 (Mo. banc 1955).

In light of the legislative purpose behind the recoupment scheme, this court determines that §§ 288.381.1 and 288.380.12 obligate the Division to seek recoupment of overpayments totalling more than five dollars. Accordingly, the Commission's decision which authorized recoupment without determining whether the Division considered the

---

**4.** *See,* e.g., Ariz.Rev.Stat.Ann. § 23–787(C) (1995); Ark.Code Ann. § 11–10–532(b)(1) (1993); Fla.Stat.Ann. § 443.151(6)(c) (1981); Haw.Rev. Stat. § 383–44(a) (1985); 820 ILCS 405/900(A)(2) (West 1993); Mich.Stat.Ann. § 17.566(a) [M.C.L.A. § 421.62(a)] (1995); Neb. Rev.Stat. § 48–665 (1993); Tenn.Code Ann. § 50–7–303(d)(2)(C) (1994); Wash.Rev.Code Ann. § 50.20.190(2) (1995).

issues of fairness and economic hardship is in accordance with the law. Whether it would be good policy for the Missouri legislature to require the Division to consider those issues is not for this court to decide. The judgment of the circuit court is reversed and the case is remanded with directions to enter a judgment reinstating the decision of the Commission.