Carolyn J. ROSS, Claimant–Appellant,

v.

WHELAN SECURITY CO., and Division of Employment Security, Respondents–Respondents.

No. 27276.

Missouri Court of Appeals, Southern District, Division One.

July 13, 2006.

---

Gregory D. Groves, Lowther Johnson, Springfield, MO, for Appellant.

Larry R. Ruhmann, Jefferson City, MO, for Respondent Division of Employment Security.

Bradley G. Kafka and Chad A. Horner, Gallop, Johnson & Neuman, L.C., St. Louis, MO, for Respondent Whelan Security Company.

GARY W. LYNCH, Judge.

Appellant Carolyn Ross ("Ross"), who was formerly employed by Respondent Whelan Security Company ("Employer"), appeals the determination by the Labor and Industrial Relations Commission ("Commission") that she is disqualified from receiving unemployment benefits by the provisions of Section 288.050.1(3)[1] be-

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

Section 288.050.1(3) provides, in relevant part:

cause she failed without good cause to accept suitable work offered by an employer by whom she was formerly employed. We reverse and remand.

### 1) *Factual Background*

Ross worked for Employer for approximately ten years. Her last assignment for Employer was as daytime supervisor at Southwestern Bell in Springfield, Missouri. Employer's contract to provide security services for Southwestern Bell terminated on March 31, 2005. Employer advised Ross that her assignment to the Southwestern Bell account would terminate on that same date. In anticipation of the termination of Ross's assignment to the Southwestern Bell account at the end of the Employer's contract, Ross and Employer had discussions in February and then again on March 28, 2005 about re-assigning Ross to either one of Employer's two other contract locations in Springfield. For a variety of reasons, neither proposed assignment was acceptable to Ross. Ross's last day of work for Employer was March 31, 2005.

### 2) *Procedural Background*

Ross filed her claim for unemployment benefits on April 5, 2006, alleging that she was separated from her employment with Employer for "LACK WRK." Employer filed a timely protest pursuant to Section 288.070.1, alleging that "[t]he claimant voluntarily quit after refusing a suitable offer of work." Respondent Division of Employment Security ("Division"), acting by its deputy, determined that Ross was dis-

qualified for unemployment benefits after April 3, 2005, because she failed, without good cause, on March 28, 2005 "to apply for or accept available suitable work" offered by a former employer, citing the provisions of Section 288.050.1(3).

Ross appealed the deputy's determination to the Appeals Tribunal. After a hearing, the Appeals Tribunal entered a decision, also citing the provisions of Section 288.050.1(3), reversing the deputy's determination and finding that Ross was not disqualified for unemployment benefits because she "did not fail without good cause on March 28, 2005, to accept suitable work when offered by a former employer."

Employer filed an application for review with the Commission continuing to claim that Ross "voluntarily quit after refusing a suitable offer of work." The Commission issued an Order reversing the decision of the Appeals Tribunal, citing the provisions of Section 288.050.1(3), and deciding that "[c]laimant is disqualified for benefits until she has earned wages from insured work equal to ten times her weekly benefit amount after March 28, 2004[sic], because she refused suitable work from the Employer on that date without good cause." On September 19, 2005, the Commission issued a Correcting Order Of Commission correcting the date of the offer of work from the Employer from March 28, 2004 to March 28, 2005. Ross filed her Notice of Appeal.

### 3) *Ross's Allegations of Error*

Ross first asserts error by the Commission in that the facts found by the Com-

---

1. Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:

(3) That the claimant failed without good cause ... to accept suitable work when offered the claimant ... directly by an employer by whom the individual was formerly employed....

mission do not support the Commission's legal conclusion that: a) the discussions between Ross and Employer occurring before her separation from employment rose to the level of offers of work, suitable or otherwise; and b) even if such discussions were offers of work, at the time they were made Employer was not a "former employer," as required to impose the disqualification contained in Section 288.050.1(3). Ross's second point of error by the Commission asserts that the facts found by the Commission do not support the legal conclusions by the Commission that the offers of work as determined by the Commission were suitable work.

We will first address the second prong of Ross's first point regarding whether Employer was a "former employer" at the time the offers were made.[2] Because we find this point dispositive, we do not address any other allegations of error raised by Ross.

### 4) *Standard of Review*

Our review in this case is governed by Article V, Section 18 of the Missouri Constitution[3] and by the provisions of Section 288.210. *CNW Foods, Inc. v. Davidson,* 141 S.W.3d 100, 102 (Mo.App.2004). Under the former, we are required by the Constitution to determine whether the Commission's decision is "authorized by law" and whether it is "supported by competent and substantial evidence upon the whole record." *Id.* Section 288.210 provides, in relevant part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall

be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

"Decisions of the Commission 'which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding upon us and fall within our province of review and correction.'" *K & D Auto Body, Inc. v. Div. of Employment Sec.,* 171 S.W.3d 100, 102–03 (Mo.App. 2005) (quoting *Merriman v. Ben Gutman Truck Serv., Inc.,* 392 S.W.2d 292, 297 (Mo.1965) (internal quotation marks omitted)). "We independently review such questions without giving any deference to the Commission's conclusions." *CNW Foods, Inc.,* 141 S.W.3d at 102. "Moreover, where the Commission's 'finding of ultimate fact is reached by the application of rules of law instead of by a process of natural reasoning from the facts alone, it is a conclusion of law and subject to our reversal.'" *K & D Auto Body, Inc.,* 171 S.W.3d at 103 (quoting *Merriman,* 392 S.W.2d at 297). Therefore, in reviewing the ultimate fact as found by the Commission that Employer was a "former employer," as required by Section 288.050.1(3) to disqualify Ross from unemployment bene-

---

**2.** Solely for the purpose of addressing this issue, we assume, without deciding, that the discussions between Ross and Employer were, in fact, offers of work.

**3.** All references to constitutional provisions are to the Missouri Constitution of 1945.

fits, we "exercise our own independent judgment and do not defer to the Commission's conclusion, including the way in which it arrived at that conclusion by balancing, weighing, and applying the various facts it found." *Id.*

### 5) *Discussion*

■ Section 288.050.1(3) disqualifies a claimant for unemployment benefits if "the claimant failed without good cause . . . to accept suitable work when offered the claimant . . . directly by an employer by whom the individual was formerly employed[.]" In reaching the legal conclusion that this disqualification applies to Ross, the Commission stated: "For this statute to apply, the offer of work must have been extended through either the Division or a former employer. In the case at hand, [Ross] had previously worked for Employer. Thus, it was a former employer at the time it made two offers of work."

Ross contends that the first statement by the Commission is correct, but that the last statement is not supported by the facts found by the Commission. Ross asserts that according to the facts as found by the Commission, the two offers of work were made in February and on March 28, 2005, at which time Ross was still an employee of the Employer, and that, therefore, the Employer could not have been a "an employer by whom the individual was formerly employed" at the time the offers were made.

The Employer counters Ross's contention, stating that "the only thing that . . . 288.050.1(3) requires is that the offer of work be made by an employer, who is a 'former employer' at the time of the claim." The Division's argument *in toto* on this issue is: "In the case at bar, [Ross] had worked for the employer for about ten years. Therefore, the two offers of work were in fact made by a former employer."

The particular language of Section 288.050.1(3) which is the subject of this dispute first appeared as a part of the unemployment compensation law of Missouri in 1941. *Donnelly Garment Co. v. Keitel,* 354 Mo. 1138, 193 S.W.2d 577, 579 (1946). No case involving this language in the statute has addressed the issue of whether the employer making the offer must be "an employer by whom the individual was formerly employed" at the time the offer is made, as Ross contends, or at the time the claim is filed, as Employer contends. *See Placzek v. Div. of Employment Security,* 49 S.W.3d 717 (Mo.App. 2001); *Smith v. Labor and Indus. Relations Comm'n of Mo.,* 656 S.W.2d 812 (Mo. App.1983); *Ferry v. Labor and Indus. Relations Comm'n of Mo.,* 652 S.W.2d 728 (Mo.App.1983); *ACF Indus., Inc. v. Indus. Comm'n,* 309 S.W.2d 676 (Mo.App.1958); and *Donnelly Garment Co.,* 354 Mo. 1138, 193 S.W.2d 577. The application of this section has only been considered in the context of an offer of work made by an employer to the claimant *after* the claimant's work for the employer had initially terminated, *i.e.,* the employer making the offer was a former employer both at the time the offer was made and at the time the claim was made. *Id.* We are thus presented with a question of first impression as to the interpretation of this statute.

■ In construing provisions under Chapter 288, this Court is admonished to: "ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Higgins v. Mo. Div. of Employment Sec.,* 167 S.W.3d 275, 281 (Mo.App.2005) (quoting *Nichols v. Dir. of Revenue,* 116 S.W.3d 583, 585–86 (Mo.App. 2003)). "The entire statute should be construed to determine legislative intent, and all provisions should be harmonized, if rea-

sonably possible." *Campbell v. Labor & Indus. Relations Comm'n,* 907 S.W.2d 246, 249 (Mo.App.1995). "When determining legislative intent, the court should consider the history of the statute and the problem it sought to address." *Id.*

The purpose of unemployment compensation laws is to "benefit ... persons unemployed through no fault of their own." Section 288.020. "Courts should liberally construe the law to meet that goal." *Campbell,* 907 S.W.2d at 249. The legislative purpose of Section 288.050 "is to create an incentive for persons who are employed to remain employed by withholding benefits from those who quit their job without good cause." *Quik 'N Tasty Foods, Inc. v. Div. of Employment Sec.,* 17 S.W.3d 620, 625 (Mo.App.2000). "The disqualifying provisions of Section 288.050 are strictly and narrowly construed in favor of finding an employee is entitled to compensation." *Id.* In interpreting this statute, Missouri courts "have required that an employee not have caused his dismissal by his wrongful action or inaction or his choosing not to be employed." *Ford v. Labor & Indus. Relations Comm'n,* 841 S.W.2d 255, 257 (Mo.App.1992).

With these precepts in mind, we first look at the context of the questioned statutory language within Chapter 288. Section 288.030.1(6) defines a "Claimant" as "an individual who has filed an initial claim for determination of such individual's status as an insured worker, a notice of unemployment, a certification for waiting week credit, or a claim for benefits." Section 288.040.1 provides, in part: "A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that" certain conditions, not otherwise relevant to our decision in this case, exist. Section 288.050 then addresses certain events that disqualify a

claimant, who may otherwise be eligible to receive benefits pursuant to Section 288.040, from receiving such benefits.

The first disqualifying event is if "the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer." Section 288.050.1(1). The second disqualifying event is if "the claimant has retired." Section 288.050.1(2). The third disqualifier is Section 288.050.1(3), which is in dispute in the instant case. And the fourth disqualifying event is if the "claimant has been discharged for misconduct connected with the claimant's work." Section 288.050.2. We note that the three disqualifying events not at issue in this appeal address the manner of the employee's separation from employment as an element of the disqualification, *i.e.,* voluntary termination, retirement, or discharge, while the disqualifying event at issue in this appeal has no such element.

We next look at the specific statutory language within the above context. By statutory definition, an individual is not a "claimant" until he or she files one of the documents listed in Section 288.030.1(6) (a "Claim"). The disputed portion of Section 288.050.1(3) only disqualifies a claimant in the event that "the *claimant* failed without good cause ... to accept suitable work when offered the *claimant* ... directly by ... an employer by whom the *individual* was formerly employed...." (Emphasis added). Using the plain and ordinary meaning of the words used by the legislature, the failure to accept suitable work must be by the "claimant." Also the statute plainly states that the failure to accept suitable work must occur "when offered the claimant." By definition, an individual is not a "claimant" until that individual files a claim. Therefore, the offer and the failure to accept the offer of work must occur after an individual becomes a "claim-

ant" by filing a Claim. An offer of work made to an individual before that individual becomes a "claimant" cannot, by definition, be an offer of work to the "claimant," and the "claimant" cannot fail to accept such offer at a time when the "claimant" was not in existence.

The use of the word "claimant" twice by the legislature in this sentence is contrasted by the legislature's use of the word "individual" in relation to who must make the offer of work, *i.e.,* "an employer by whom the *individual* was formerly employed." Clearly, the legislature intended to differentiate between the time period before filing a Claim by referencing the "individual" and the time period after a Claim is filed by using the term "claimant" for an individual who is defined as having filed a Claim. If we fail to distinguish between the use of the word "claimant" and the use of the word "individual," as Employer's and Division's contention and arguments would require us to do, we would be ignoring our obligation to give meaning to each word as used by the legislature. "All provisions of a statute must be harmonized and every word, clause, sentence and section thereof must be given some meaning[.]" *Be–Mac Transport Co. v. State Tax Comm'n,* 725 S.W.2d 599, 600 (Mo.1987) (quoting *Staley v. Mo. Dir. of Revenue,* 623 S.W.2d 246, 250 (Mo. banc 1981).

■■■■■ This interpretation harmonizes Section 288.050.1(3) with the other provisions of Section 288.050. Alleged disqualifications for benefits related to offers of work made by a current employer to a current employee can and should be evaluated in the context of the manner in which the employment is subsequently terminated, *i.e.,* by voluntary termination, retirement, or discharge, as provided in Sections 288.050.1(1), 288.050.1(2) and 288.050.2, respectively, and the well-established bodies of case law interpreting those statutes. A disqualification for benefits regarding offers of work made after a Claim is filed, which are unrelated to the manner in which the previous employment was terminated, should be evaluated in accordance with the provisions of Section 288.050.1(3).

In the instant case, Ross did not become a statutorily-defined "claimant" until April 5, 2005, the day she filed her claim for benefits. At the time that the offers of work were made by Employer in February and on March 28, 2005, Ross was not a "claimant," and, likewise, Employer was not "an employer by whom the individual was formerly employed" because Ross was then currently employed by Employer. No offer of work was made to Ross on or after April 5, 2005, the date she became a "claimant," and, therefore, Section 288.050.1(3) cannot serve as a legal basis to disqualify Ross from unemployment benefits. The facts found by the Commission do not support the application of this particular statutory disqualification. The Commission's reliance upon this statute was a misapplication of the law requiring reversal of its decision.

■■■■ "[W]hether an employee voluntarily left her employment or was discharged is a factual determination." *Cooper v. Hy–Vee, Inc.,* 31 S.W.3d 497, 502 (Mo.App.2000). Relying upon the applicability of Section 288.050.1(3), which, as noted previously, does not address the manner of the employee's separation from employment as an element of such disqualification, the Commission did not make a factual determination as to whether Ross voluntarily terminated her employment as Employer contends or whether she was discharged as Ross contends. In the absence of such a factual determination, the Commission can not appropriately address "the factual aspects of each situation which tend to prove or disprove

the right of the claimant." *Ford v. Labor & Indus. Relations Comm'n,* 841 S.W.2d 255, 259 (Mo.App.1992). Section 288.210 grants the authority to remand in such a situation. *Id.*

**6) *Decision***

The decision of the Commission is reversed, and the case is remanded to the Commission for further proceedings consistent with this opinion.

RAHMEYER, P.J., and PARRISH, J., concur.