549 A.2d 1367

Rocco Viola, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (Welch), Respondents.

Submitted on briefs July 26, 1988, to President Judge CRUMLISH, JR., Judge PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Philip P. Lope, Lope & Criss,* for petitioner.

*Alexander J. Pentecost,* with him, *Amiel B. Caramanna, Jr.,* for respondent, Elizabeth M. Welch.

OPINION BY JUDGE PALLADINO, November 9, 1988:

Rocco Viola, Sr. (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision awarding benefits to Elizabeth M. Welch (Claimant). For the reasons set forth below, we affirm.

Claimant was employed by Petitioner on a permanent basis to care for Petitioner's wife (Mrs. Viola), who was an invalid confined to a wheelchair. Claimant's job duties included giving Mrs. Viola her medication, feeding Mrs. Viola, bathing Mrs. Viola, and helping Mrs. Viola get in and out of bed and get dressed. While preparing lunch for Mrs. Viola, Claimant accidentally cut herself with a knife, injuring her hand. A referee awarded Claimant workmen's compensation benefits. Petitioner appealed to the Board. The Board remanded the case to the referee to determine whether Claimant was an "employee" covered by The Pennsylvania Workmen's Compensation Act (Act)[1] or a "domestic" excepted from coverage under section 321 the Act.[2]

On remand, the referee made the following pertinent findings of fact:

2. Claimant's job duties were to care for the defendant's wife, who was confined to her home. Her duties included administering medication, helping Mrs. Viola in and out of the bath tub and bed, assisting in getting her dressed, and

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066.

[2] Section 321 provides in pertinent part:

*Nothing contained in this act shall apply or in any way affect any person who at the time of the injury is engaged in domestic service:* Provided, however, That [sic] in cases where the employer of any such person shall have, prior to such injury, by application to the Workmen's Compensation Board, approved by the board, elected to come within the provisions of the act, such exemption shall not apply. 77 P.S. §676 (emphasis added).

feeding her. She did not perform any housework, and her duties could be compared to those of a nurse's aide.

. . .

4. In addition, your Referee finds as a fact that the claimant was not engaged at the time of her injury or at any other time in domestic service, so that the exemption provided in 321 of the Act is not applicable. Claimant performed no domestic or maid services.

Based on these findings, the referee concluded that Claimant was not engaged in "domestic service" and not subject to the exemption provided in section 321 of the Act. Conclusion of Law No. 5. The Board affirmed.

On appeal to this court,[3] Petitioner contends that the referee erred in concluding that Claimant was not engaged in "domestic service" and therefore not exempted from coverage under the Act. Petitioner contends that there is not substantial evidence in the record to support the referee's conclusion that Claimant was an "employee" and not a "domestic."

Our research has disclosed only one reported Pennsylvania appellate court decision which attempts to define the term "domestic service" for workmen's compensation purposes. In *Jack v. Belin's Estate*, 149 Pa. Superior Ct. 531, 27 A.2d 455 (1942), the Superior Court held that a gardener who maintained the grounds of an estate and ran errands for the comfort of those living on the estate was engaged in "domestic service" for purposes of the Act. The Superior Court concluded that a

---

[3] Our scope of review in this case is limited to determining whether constitutional rights were violated, an error of law was committed or whether findings of fact are unsupported by substantial evidence. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 115 Pa. Commonwealth Ct. 268, 539 A.2d 952 (1988).

"domestic servant" is one who serves the needs of a household. Black's Law Dictionary defines the term "domestic" in a similar manner. Black's defines a "domestic" as a "household servant." Black's Law Dictionary 434 (5th ed. 1979).

When we apply the above definitions in this case, it is clear that Claimant was not engaged in "domestic service." Claimant did not serve, nor was she employed to serve, the needs of the household. All of Claimant's job duties as found by the referee and supported by substantial evidence in the record related solely to the unique needs of Mrs. Viola, rather than the general needs of the household.

The referee specifically found that Claimant did not perform any housework and performed no domestic or maid services. There was testimony that Claimant did not do any housecleaning and was hired only to care for Mrs. Viola. From the totality of the record, we conclude that the referee's findings are supported by substantial evidence.

Because Claimant's job involved performing duties similar to those of a nurse's aide, *see* December 3, 1984 hearing, N.T. at 7, and did not involve performing household duties, we conclude that Claimant was not engaged in "domestic service" for purposes of the Act.[4] Accordingly, we affirm.

---

[4] Our decision is in accord with the decision reached by a California appellate court when faced with this exact issue. In *McCallister v. Workers' Compensation Appeals Board,* 61 Cal. App. 3d 524, 132 Cal. Rptr. 527 (1976), the California court held that a woman who only performed duties directly related to the care of an elderly invalid and did not perform general household services could not be excluded from workers' compensation coverage under an exception for "household domestic services."

## ORDER

AND NOW, November 9, 1988, the order of The Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge CRAIG and Judge MACPHAIL did not participate in the decision in this case.