Mary GARAS, Appellant,

v.

KELLY SERVICES, INC. and Division
of Employment Security,
Respondents.

No. ED 88333.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 9, 2007.

Cynthia S. Holmes, Clayton, MO, for appellant.

Kelly Services, Inc., Detroit, MI, pro se.

Marilyn G. Green, Division of Employment Security, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Mary Garas ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") affirming the decision of the Division of Employment Security Appeals Tribunal denying Claimant unemployment benefits on the basis of its finding that Claimant failed without good cause to accept an offer of suitable work from a former employer. Claimant contends the Commission erred in denying her unemployment benefits because the decision was not supported by competent and substantial evidence. We reverse and remand.

Claimant is an analytical chemist who had been laid off from her long-term employment in early 2005. Following Claimant's lay off, she applied to be placed in a position as a chemist with Kelly Services, Inc. ("Kelly"). Kelly is a staffing agency that places employees in full-time employment, temporary employment, and direct-hire employment with other companies.

Claimant began an assignment for Kelly at a company known as Merial which lasted from April 13, 2005 through January 20, 2006. Claimant worked at Merial from 8:00 a.m. to 4:30 p.m. Monday through Friday and was paid at a rate of $21.00 per hour. After the assignment ended, Claimant requested that Kelly continue to seek work for her. On February 21, 2006, Claimant filed a claim for unemployment benefits with the Division of Employment Security ("Division").

The scientific recruiter at Kelly, Rebecca Cockrum ("Cockrum"), testified that on March 14, 2006, she called Claimant about a potential assignment with Celsis Laboratory, which would be a temporary assign-

ment from March 20 to July 17, 2006. Cockrum told Claimant that the pay scale was $15.00 to $19.00 per hour and it was first shift. Cockrum felt that Claimant was qualified for the position and wanted to know if she could submit her resume. Cockrum testified that Claimant stated she was not interested in the assignment because it was temporary. Thereafter, Kelly submitted a letter to the Division notifying the Division that Claimant had been offered suitable work on March 14, 2006, and that Claimant had refused the offer of suitable work because it was temporary.

Claimant testified that during March 14, 2006 phone call, she told Cockrum that she would prefer a "more stable position," but that she did not tell Cockrum not to submit her resume for the Celsis Laboratory position.

After hearing from the Division, Claimant called Kelly and stated she would like her resume submitted to the position at Celsis Laboratory. Claimant testified that when she called Cockrum back in April, she told her that there had been some misunderstanding and asked why Cockrum had not submitted her resume for the position with Celsis Laboratory. The position at Celsis Laboratory was still open and Cockrum submitted Claimant's resume. Cockrum testified that at the time of the hearing, she had not heard from Celsis Laboratory regarding Claimant or the position.

A deputy with the Division determined that Claimant was disqualified for benefits because she failed without good cause to accept suitable work offered by a former employer. Claimant appealed the deputy's determination to the Division Appeals Tribunal. The Appeals Tribunal affirmed the deputy's decision finding Claimant had refused an offer of suitable work by a former employer. Claimant filed an application for review with the Commission. The Commission issued a decision affirming the Appeals Tribunal. This appeal follows.

In her sole point, Claimant contends the Commission erred in denying her unemployment benefits because the decision was not supported by competent and substantial evidence. Claimant contends there was no offer of employment made to her, and therefore, the Commission's determination that she failed without good cause to accept suitable work offered by a former employer was erroneous. We agree.

 Our review in this case is governed by the provisions of Section 288.210, RSMo 2000. *Ross v. Whelan Sec. Co.*, 195 S.W.3d 559, 563 (Mo.App. S.D.2006). Section 288.210, RSMo 2000, provides, in relevant part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
> (1) That the commission acted without or in excess of its powers;
> (2) That the decision was procured by fraud;
> (3) That the facts found by the commission do not support the award; or
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Thus, under Section 288.210, RSMo 2000, the factual findings of the Commission are conclusive if, absent fraud, they are supported by competent and substantial evidence, and review of the Commission's decision by this court is confined to questions of law. *Willcut v. Division of Employ-*

*ment Sec.,* 193 S.W.3d 410, 412 (Mo.App. E.D.2006). We are not bound by the Commission's conclusions of law or its application of law to facts, and questions of law are reviewed independently. *Id.* On matters of witness credibility and resolution of conflicting evidence, deference is accorded to the Commission's determinations. *Id.*

We must determine if the Commission properly found Claimant disqualified from unemployment benefits under Section 288.050.1(3), RSMo Cum.Supp. 2005. We bear in mind that the disqualifying provisions of Section 288.050 are strictly and narrowly construed in favor of finding an employee is entitled to compensation. *Ross,* 195 S.W.3d at 565.

Section 288.050, RSMo Cum.Supp.2005, provides, in pertinent part:

1. Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:

* * *

(3) That the claimant failed without good cause either to apply for available suitable work when so directed by the deputy, or to accept suitable work when offered the claimant, either through the division or directly by an employer by whom the individual was formerly employed, or to return to the individual's customary self-employment, if any, when so directed by the deputy. An offer of work shall be rebuttably presumed if an employer notifies the claimant in writing of such offer by sending an acknowledgment via any form of certified mail is-

sued by the United States Postal Service stating such offer to the claimant at the claimant's last known address. Nothing in this subdivision shall be construed to limit the means by which the deputy may establish that the claimant has or has not been sufficiently notified of available work.

Here, the Commission found that Kelly, a former employer of Claimant, offered Claimant work as a chemist to begin on March 20, 2006. The Commission further found that because Claimant had previously worked for Kelly as a chemist, the offered work was suitable. The Commission determined Claimant did not accept the offered work because it was temporary and therefore, she failed without good cause to accept suitable work offered by a former employer.

After our review of the record, we find that the Commission's decision was not supported by competent and substantial evidence. Here, there was no offer of work by Kelly. Cockrum testified that she called Claimant to see if she would be interested in having her resume submitted for a potential assignment with Celsis Laboratory. There was no evidence that by sending Claimant's resume that she would be given the assignment with Celsis Laboratory. At the time of the hearing and after Claimant's resume had been submitted for the assignment with Celsis Laboratory, there had been no contact from Celsis Laboratory regarding Claimant and the position. We cannot say there was an offer of work made to Claimant by Kelly, but only an offer to submit her resume for a potential assignment. The Commission's finding that Claimant refused an offer of suitable work from a former employer is not supported by competent and substantial evidence. Claimant's point is granted.[1]

---

**1.** On appeal, the Division attempts to argue that Claimant was properly denied benefits or

The decision of the Commission is reversed, and the case is remanded to the Commission for further proceedings consistent with this opinion.

GEORGE W. DRAPER III, P.J., and GARY M. GAERTNER, SR., J., concur.

the case should be remanded for further evidence because she was not actively and earnestly searching for work pursuant to Section 288.040.1(2), RSMo Cum.Supp.2005. This issue was not raised to the Commission. Issues that could have been, but were not, raised previously before the Commission cannot be litigated on appeal. *Donovan v. Temporary Help*, 54 S.W.3d 718, 719 (Mo.App. E.D. 2001).