**Melinda CLEMENT, Appellant,**

v.

**KELLY SERVICES, INC., and Division of Employment Security, Respondents.**

**No. ED 91150.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 10, 2009.

John J. Ammann, St. Louis University Legal Clinic, St. Louis, MO, for Appellant.

Matthew R. Heeren, Jefferson City, MO, for Respondent.

Kelly Services, Inc., Detroit, MI, pro se.

ROBERT G. DOWD, JR., P.J.

Melinda Clement ("Claimant") appeals the determination of the Labor and Industrial Relations Commission ("Commission") denying unemployment benefits on the basis of its finding that Claimant failed, without good cause, to accept an offer of suitable work from a former employer. Because we find the Commission's decision was not supported by competent and substantial evidence, we reverse and remand.

Claimant worked for Kelly Services, Inc. ("Kelly Services") for eleven years. Kelly Services is a staffing agency that places employees with companies needing temporary and permanent employees. Claimant did a variety of light industrial warehouse work and some clerical work and earned from $6.20 per hour up to $10.00 per hour working for Kelly Services. From September 14, 2004 to July 20, 2007, Claimant worked at the Maritz Corporation ("Maritz") in Fenton, Missouri. Claimant worked in the warehouses in the motivational department.

On November 1, 2007, Claimant was contacted by Colin Keller ("Keller"), an account coordinator at Kelly Services, in reference to a possible job as a "Clerk Type III" at Maritz. Claimant responded that she was released from an assignment at Maritz in July, and stated "she was treated very poorly and would not like to return" to Maritz. Keller then thanked Claimant for her time and hung up the phone.

Kelly Services took Claimant's response as a refusal to accept an offer of suitable work. Kelly Services filed a notice of refusal of work with the Division of Employment Security ("the Division") on November 2, 2007, requesting an adjudication that Claimant had refused an offer of work. The notice described the work offered on November 1, 2007, as a position involving "typing wires (similar to emails) in a secure computer system." The description went on to say "[t]his job is heavy on the typing and demands accurate typing of both numeric and alpha characters and spelling and grammar skills are necessary."

During the telephone conference, Claimant stated she did not feel comfortable working for Maritz because of an incident where Maritz searched all the Kelly Services' employees working at a warehouse. Claimant further testified she does not type and would be unable to accept a position that is "heavy on the typing."

A deputy of the Division determined Claimant was not disqualified for benefits because the deputy found "no work was offer[ed] to the claimant. The claimant states the employer hung up on her before she could decide if she wanted the assignment."

Kelly Services filed an appeal to the Appeals Tribunal. Following a telephone conference, the Appeals Tribunal reversed the deputy's decision finding Claimant was offered suitable work and the work offered "was for the same assignment and for exactly the same work that claimant previously performed for the employer." The Appeals Tribunal further found "[t]he claimant's refusal of the offer of work because she and other employees were searched for stolen items on one occasion more than one and one-half years earlier was not good cause for refusing the work. A reasonable person would not refuse work for that single incident." Thus, the Appeals Tribunal found Claimant failed without good cause to accept suitable work offered by a former employer on November 1, 2007.

Claimant appealed to the Commission. The Commission affirmed the decision of the Appeals Tribunal. This appeal follows.

■ In her first point, Claimant argues the Commission erred in denying her unemployment benefits and finding she refused an offer of suitable work. Claimant asserts the Commission's decision was not supported by competent and substantial evidence because Kelly Services failed to meet its burden of proving an actual offer

of suitable work.[1]  We agree.

Our review in this case is governed by the provisions of Section 288.210, RSMo 2000.[2]  *Garas v. Kelly Services, Inc.*, 211 S.W.3d 149, 152 (Mo.App. E.D.2007).  Section 288.210 provides, in relevant part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law.  The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

■ Thus, under Section 288.210 the factual findings of the Commission are conclusive if, absent fraud, they are supported by competent and substantial evidence, and review of the Commission's decision by this court is confined to questions of law.  *Garas*, 211 S.W.3d at 152.  We are not bound by the Commission's conclusions of law or its application of law to facts, and questions of law are reviewed independently.  *Id.*

We must determine if the Commission properly found Claimant disqualified from unemployment benefits under Section 288.050.1(3), RSMo Cum. Supp. 2007.  We bear in mind that the disqualifying provisions of Section 288.050, RSMo Cum. Supp. 2007, are strictly and narrowly construed in favor of finding an employee is entitled to compensation.  *Garas*, 211 S.W.3d at 152.

Section 288.050, RSMo Cum. Supp. 2007, provides, in pertinent part:

> 1. Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:
>
> \* \* \*
>
> (3) That the claimant failed without good cause either to apply for available suitable work when so directed by the deputy, or *to accept suitable work when offered the claimant,* either through the division or directly by an employer by whom the individual was formerly employed, or to return to the individual's customary self-employment, if any, when so directed by the deputy.  An offer of work shall be rebuttably presumed if an employer notifies the claimant in writing of such offer by sending an acknowledgment via any form of certified mail issued by the United States Postal Service stating such offer to the claimant at the claimant's last known address.  Nothing in this subdivision shall be construed to limit the means by which the deputy may establish that the claimant has or has not been sufficiently notified of available work.

(Emphasis added.)

Here, the Commission found Kelly Services had made an offer of suitable work

---

1. We note Respondent, the Division of Employment Security, elected not to file a respondent's brief.

2. All further statutory references are to RSMo 2000 unless otherwise indicated.

and Claimant refused without good cause. We must first look to determine whether the evidence supports a finding that an offer of suitable work was made.

Pursuant to the statute, the work offered must be suitable. Section 288.050, RSMo Cum. Supp. 2007. In determining whether work was suitable, the following factors are considered:

> the degree of risk involved to the individual's health, safety and morals, the individual's physical fitness and prior training, the individual's experience and prior earnings, the individual's length of unemployment, the individual's prospects for securing work in the individual's customary occupation, the distance of available work from the individual's residence and the individual's prospect of obtaining local work; . . . .

Section 288.050.1(3)(a), RSMo Cum. Supp. 2007.

Here, there was no evidence to support the Commission's finding that the work was suitable. The description of the "Clerk Type III" position provided that it was a position "heavy on the typing and demands accurate typing of both numeric and alpha characters and spelling and grammar skills are necessary." Claimant's previous work assignments with Kelly Services were for warehouse work. While the evidence showed that Claimant had done "some clerical" work at other assignments for Kelly Services, there was no evidence that any of those clerical positions involved typing. Furthermore, Claimant's uncontradicted testimony was that she does not type. There was no evidence Claimant had any prior experience or appropriate training to perform the job of a "Clerk Type III" position. *See Quirk v. Premium Homes, Inc.*, 999 S.W.2d 306, 309 (Mo.App. E.D.1999)(finding work was not suitable in part because the employee's prior training did not prepare her for the position). Thus, the evidence does not support a finding the work was suitable for Claimant. The Commission's finding that the work was suitable because it "was for the same assignment and for exactly the same work that claimant previously performed for the employer" was not supported by competent and substantial evidence.

Because the work was not suitable, Claimant is not disqualified for benefits. The Commission's finding that Claimant refused an offer of suitable work from a former employer and denying her unemployment benefits was not supported by competent and substantial evidence. Claimant's point is granted.[3]

The decision of the Commission is reversed and the case is remanded to the Commission for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, J. and SHERRI B. SULLIVAN, J., concur.

---

3. Because we have found in favor of Claimant on her first point and determined the Commission's denial of unemployment benefits was not supported by competent and substantial evidence, we need not address Claimant's second point.