Christine HERNANDEZ, Appellant,

v.

**STAFFING SOLUTIONS, INC.,**
**and Division of Employment**
**Security, Respondents.**

**No. ED 92154.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 11, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 2009.

Application for Transfer Denied
Nov. 17, 2009.

---

John McAnnar, John J. Ammann, St. Louis, MO, for Appellant.

Ninion S. Riley, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Christine Hernandez ("Hernandez") appeals the Labor and Industrial Relations Commission's ("the Commission") decision to deny her unemployment benefits. We reverse and remand for calculation of an award of benefits.

## I. BACKGROUND

Hernandez was hired by Staffing Solutions, Inc. ("Staffing"), a temporary employment agency, who placed Hernandez at Washington University ("the University") to do administrative work. Her duties required her to do data entry at a computer from 8:30 a.m. to 5:00 p.m., five days a week. Hernandez alleges that she had back problems prior to working at the University which were exacerbated by having to sit for extended periods of time. While working at the University she used a special chair to help with her back pain.

Hernandez became pregnant while at the University, which further aggravated her back problems. Hernandez alleges that her doctor advised her not to continue sitting for extended periods of time if the pain continued to get worse. The pain continued and Hernandez informed Staffing that she would no longer be able to perform her job because of complications surrounding her pregnancy. The parties dispute whether or not Hernandez actually told Staffing that the back problems had worsened during her pregnancy or that they were exacerbated by her sitting for long periods. The only doctor's note Hernandez gave Staffing said that she could not lift more than 10 pounds. Hernandez alleges she told Staffing she could perform other tasks that did not involve lifting more than 10 pounds or sitting for extended periods.

The parties also dispute the communication regarding Hernandez's last day of work on May 30, 2008. Hernandez claims that she told Staffing that the doctor told her that she could no longer work after May 30, 2008 if the back pain continued but that she would be returning at some point after that date. She further alleges that she was told she could come back when ready, and would only need to call to get her job back. However Staffing's records indicate that Hernandez told them that she was leaving to have her baby and would not return.

After leaving, Hernandez filed a claim for unemployment benefits. Staffing protested the claim, asserting that Hernandez had resigned voluntarily because she was having a baby, and therefore not eligible for unemployment benefits. A deputy with the Division of Employment Security ("Division") determined that Hernandez was not entitled to benefits because she did not have good cause to quit her job and that she was not advised by her doctor to

quit. However, the Deputy indicates that "claimant quit because sitting for long periods of time was too much for her back." Hernandez appealed this determination to the Division's appeals tribunal. The appeals tribunal upheld the determination while finding "claimant was pregnant and sitting for long periods of time was causing her to experience back pain." Hernandez further appealed to the Commission, which also upheld the determination. Hernandez appeals.

## II. DISCUSSION

In her sole point on appeal Hernandez argues that the Commission erred in denying her unemployment benefits because she did not leave work voluntarily. We agree.

On appeal, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other: (1) that the commission acted without or in excess of its powers; (2) that the decision was procured by fraud; (3) that the facts found by the commission do not support the award; or (4) that there was no sufficient competent evidence in the record to warrant the making of the award. *Clement v. Kelly Servs., Inc.,* 277 S.W.3d 327, 329 (Mo.App. E.D.2009). The fact findings of the commission, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. *Id.*

Unemployment benefits will be withheld if the claimant has "left work voluntarily without good cause attributable to such work. . . ." *Difatta–Wheaton v. Dolphin Capital Corp.,* 271 S.W.3d 594, 598 (Mo. banc 2008) (quoting Section 288.050.1(1) RSMo Cum Supp.2006). However, leaving work for a non-work-related illness is not per se a disqualification from unemployment benefits, and can

be considered involuntary if the claimant is unemployed through no fault of her own. *Id.* This Court is to accept the facts adopted by the commission as true and ask whether or not claimant left work voluntarily. *Id.* To support a causal connection, the claimant must present scientific or medical evidence establishing cause and effect only when there is a claim of causation not within common knowledge or experience. *Clevenger v. Labor and Indus. Relations Comm'n,* 600 S.W.2d 675, 676 (Mo.App. W.D.1980).

■■ The Commission found that Hernandez was experiencing back problems due to her pregnancy and sitting for extended periods of time. However the Commission also found that Hernandez did not present scientific evidence of a causal connection between the back pain and having a job that required her to sit for long periods of time. We find there was no need for Hernandez to present such evidence here. First, the causal connection between sitting for long periods of time and back pain in pregnant women is within common knowledge or experience. Secondly, the Commission found as a matter of fact that the back pain was caused by her pregnancy and sitting for long periods of time. Therefore, the Commission erred in requiring Hernandez to present scientific evidence of a causal connection and in finding that there was no causal connection between Hernandez's pregnancy, back pain and sitting for long periods. Point granted.

## III. CONCLUSION

The judgment is reversed and remanded to calculate an award of benefits.

LAWRENCE E. MOONEY, and GEORGE W. DRAPER III, JJ., concur.