**Jean L. GUFFEY, Appellant,**

v.

**CENTER FOR WOMEN IN TRANSITION, INC. and Division of Employment Security, Respondents.**

No. ED 93570.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 20, 2010.

Jean L. Guffey, Pacific, MO, pro se.

Kate M. Heideman, St. Louis, MO, Jeannie D. Mitchell, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Jean Leslie Guffey ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") finding Claimant was disqualified from receiving unemployment compensation. Claimant argues the Commission erred in determining she voluntarily terminated her employment because there was insufficient evidence to support the fact that Claimant voluntarily terminated her employment on December 4, 2008. We reverse and remand.

Claimant was employed by the Center for Women in Transition ("CWIT") until December 4, 2008. Claimant was the development director and had worked at CWIT for five and one-half years. Claimant reported to Nancy Kelley ("Kelley"), who, as executive director, also was a member of the board of directors ("the board"). On December 2, 2008, the board voted to eliminate Claimant's position. Kelley was charged with the responsibility of notifying Claimant. Before Kelley could notify Claimant, a board member informed Claimant that her position would be eliminated by the end of the week.

Claimant subsequently called Kelley and stated "I understand that my time of employment has just about come to an end here." Before Kelley responded, the call was interrupted. Claimant then became a disruption in the office as she told others about her termination.

Carl Beckman ("Beckman"), the director of finance and operations, called the board

president to ask how to handle the situation. Beckman could not contact Kelley because she was on jury duty. Beckman told Claimant, pursuant to the board president's instructions, that she should go home for the day. Beckman testified he did not say or imply that Claimant was fired, but only told her to go home for the day. However, Claimant gave Beckman her work credit card, keys, and cell phone. Claimant also gave another co-worker a summary of the projects she was working on. Claimant did not speak to Kelley again before leaving CWIT. Lastly, the record shows Claimant did not return to work the next day, Friday, December 5, 2008.

Claimant subsequently filed a claim for unemployment compensation. A Deputy at the Division of Employment Security determined Claimant was disqualified for benefits from December 14, 2008 because she left work with CWIT voluntarily without good cause attributable to her work on December 4, 2008. The Deputy further noted Claimant quit because her job was going to be eliminated, but she left before she was told her job was officially eliminated.

Claimant appealed the Deputy's determination to the Appeals Tribunal, arguing that she did not voluntarily leave, but rather that she was fired. The Appeals Tribunal found Claimant's separation from work at CWIT was "personal and voluntary and not with good cause," affirming the Deputy's determination.

Claimant then filed an application for review with the Commission. In her application for review, Claimant included statements from two co-workers, Mallory Rusch and Katie Boyne, regarding the ending of her employment at CWIT. The Commission found Claimant's application for review also alleged facts that, if true, could have affected the timeliness of the application for review. The Commission then remanded the matter to the Appeals Tribunal for a new hearing and instructed the Appeals Tribunal to "fully develop the evidence regarding the allegations in the [a]pplication for [r]eview" and to "return the entire record to the Commission."

The Appeals Tribunal held a hearing on the issue of the timeliness of Claimant's application for review.

The Commission subsequently issued a decision finding Claimant's application for review was timely and affirming and adopting the decision of the Appeals Tribunal, which found Claimant was not entitled to unemployment compensation. This appeal follows.[1]

■■■ Our review in this case is governed by the provisions of Section 288.210, RSMo 2000.[2] *Clement v. Kelly Services. Inc.*, 277 S.W.3d 327, 329 (Mo.App. E.D. 2009). Section 288.210 provides, in pertinent part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

---

1. Despite Claimant's failure to adhere to the briefing requirements set forth in Rule 84.04, we will review her claim *ex gratia* because we are able to glean the issues from her brief.

*See State v. Kalk*, 299 S.W.3d 43, 49 Fn. 4 (Mo.App. E.D.2009).

2. All further statutory references are to RSMo 2000.

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Thus, under Section 288.210, the factual findings of the Commission are conclusive if, absent fraud, they are supported by competent and substantial evidence, and review of the Commission's decision by this court is confined to questions of law. *Clement* 277 S.W.3d at 329. We are not bound by the Commission's conclusions of law or its application of law to facts, and questions of law are reviewed independently. *Id.*

■ Both of Claimant's points on appeal assert the Commission's decision is not supported by competent and substantial evidence. However, Claimant's main argument is that the Commission's decision was not supported by competent and substantial evidence because the Appeals Tribunal failed to "develop the evidence regarding the allegations in the [a]pplication for [r]eview." We find this argument to be dispositive.

In her application for review, Claimant asserted that statements from two of her co-workers, Mallory Rusch and Katie Boyne, would substantiate her claim that she was terminated and did not voluntarily quit her employment. After her application for review was filed, the Commission, in a remand order, noted that Claimant had alleged facts that, if true, may bear upon the timeliness of the application for review. The Commission then ordered the case to be remanded to the Appeals Tribunal for a new hearing. The remand order directed the Appeals Tribunal to "fully develop the evidence regarding the allegations in the [a]pplication for [r]eview." The Appeals Tribunal was also ordered to

"return the entire record to the Commission."

In its subsequent decision, the Commission stated "the Appeals Tribunal conducted the remand hearing addressing only the issue of claimant's timeliness in filing [her] [a]pplication for [r]eview." However, as noted above, the Commission's remand order stated the Appeals Tribunal was to fully develop the evidence regarding the allegations in the application for review.

The application for review included the evidence Claimant sought to have considered, which consisted of a statement by Mallory Rusch and a statement from Katie Boyne. However, there is no evidence that Appeals Tribunal "fully develop[ed]" this evidence or that it even considered this evidence. Similarly, the Commission did not specifically reference this evidence in its decision.

In *Webb v. Labor and Indus. Relations Com'n of Missouri, Div. of Employment Sec.,* 674 S.W.2d 672, 673–74 (Mo.App. W.D.1984), an affidavit attached to the petition for review in the circuit court presented *prima facie* good cause for an appellant's failure to appear at a hearing. The court found when an applicant's application for review before the Commission attempted to excuse her non-appearance at the appeals hearing, it would have been appropriate for the Commission either to hear evidence on that point or to remand the same to the appeals tribunal for that purpose. *Id.* at 674. The court then remanded the case to the circuit court to be in turn remanded to the appeals tribunal for a hearing on the question of claimant's good cause for her non-appearance, upon due notice to the claimant. *Id.*

Similarly, in this case, the Commission remanded the matter to the Appeals Tribunal to look into both the timeliness and the allegations in the application for re-

view. The Appeals Tribunal only looked into the timeliness of the application for review. Therefore, we must now remand the case to the Commission so that it can again remand the case to the Appeals Tribunal so that it can fully develop the evidence on the allegations in the application for review, including specifically the statements of Mallory Rusch and Katie Boyne.

Therefore, because the Commission did not have before it a complete evidentiary record, we cannot say there was sufficient competent evidence in the record to support its decision.

The decision of the Commission is reversed and remanded.

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.