Noneeka MASSEY, Respondent,

v.

**Marsha and Frank SPASSER, Appellant.**

**No. ED 94060.**

Missouri Court of Appeals, Eastern District, Division Five.

July 13, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 2010.

Joseph A. Monticello, St. Louis, MO, for Appellant.

Matthew J. Sauter, St. Louis, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Marsha and Frank Spasser (collectively "the Spassers") appeal the Labor and Industrial Relations Commission's ("the Commission") decision to award Noneeka Massey ("Massey") disability benefits and medical expenses. We reverse.

## I. BACKGROUND

Marsha Spasser ("Mrs. Spasser") hired Massey in November 2004 to help care for her husband Frank Spasser ("Mr. Spasser"), who was sick and confined to the Spassers' house. Massey's duties consisted of taking care of Mr. Spasser, feeding him, clothing him, changing him, keeping him dry, transferring him from bed to a chair, providing preventative skin care so that Mr. Spasser did not develop bed sores, administering medication, providing bathroom assistance, and seeking emergency care when necessary. Massey was not responsible in any way for cleaning the house, shopping, cooking meals, or performing laundry services.

In hiring Massey, Mrs. Spasser formally interviewed Massey herself. Mrs. Spasser required that Massey have a Certified Nursing Assistant ("CNA") certificate as a condition of employment. Massey had obtained her CNA certificate in 1996. Massey worked a set shift determined by the Spassers and was paid by the Spassers.

While caring for Mr. Spasser on May 7, 2006, Massey attempted to move Mr. Spasser from his wheelchair to his recliner. During the transfer, Mr. Spasser's knees buckled, and, as a result, Massey "pulled her back out." Massey called Mrs. Spasser and told her that she had to go to the hospital and could not return to work. Massey underwent medical treatment and also saw a chiropractor. Massey sent her medical bills to Mrs. Spasser. Mrs. Spasser sent a letter after the accident informing Massey she had been terminated. Further, Mrs. Spasser refused to pay for or provide medical care.

Massey filed a claim under the Missouri Workers' Compensation Act ("the Act") against the Spassers. An administrative hearing was held, and the Administrative Law Judge ("ALJ") ruled that Massey's injury was not compensable under the Act because Massey was not covered by the Act pursuant to the exemption in Section 287.090.1 RSMo Cum. Supp. 2005.[1]

Massey appealed to the Commission, which reversed the ALJ's decision and ruled that the exemption in Section 287.090.1 did not apply to Massey as a CNA, and therefore the injury was com-

---

1. All further references are to RSMo Cum. Supp. 2005 unless otherwise noted.

pensable. The Commission awarded unpaid medical expenses, temporary total disability benefits, and $9,600 in permanent partial disability benefits. The Spassers appeal.

## II. DISCUSSION

Under Workers' Compensation law, the employee shall receive, and the employer shall provide, such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial care, ambulance, and medicines as may reasonably be required to cure and relieve the effects of the injury. Section 287.140. An employer, as used here, includes every person using the service of another for pay. Section 287.030.1(1). Such employer must have five or more employees to be deemed an employer for purposes of Section 287. However, certain employees are specifically excluded from coverage by the law. One such category of laborer is a domestic servant employed in a private home. Section 287.090(1).

The Spassers' first point on appeal states that the Commission erred in allowing compensability because it did not strictly construe Section 287.090.1 in finding that Appellant was not an exempt employer. The Spassers' second point seeks to show that the legislature distinguishes between CNAs who work in a private household with those that work for a care facility. The Spassers argue that Massey was a domestic servant employed in a private home and that therefore she is excluded from coverage by the Missouri Workers' Compensation Law. The Spassers' third and fourth points are moot as we find the injury not compensable.

On appeal, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other: (1) that the commission acted without or in excess of its powers; (2) that the decision was procured by fraud; (3) that the facts found by the commission do not support the award; or (4) that there was no sufficient competent evidence in the record to warrant the making of the award. *Clement v. Kelly Servs., Inc.,* 277 S.W.3d 327, 329 (Mo.App. E.D. 2009). The fact findings of the commission, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. *Id.*

In finding that Massey was not a domestic servant, and thus not excluded from coverage of the Missouri Workers' Compensation law, the Commission looked to case law from other States, as well as to Black's Law Dictionary, in order to establish a definition. The Commission looked to *McCallister v. Workers' Compensation Appeals Board,* 61 Cal.App.3d 524, 132 Cal.Rptr. 527 (Ca.App.1976), and *Viola v. Workman's Compensation Appeal Board,* 121 Pa.Cmwlth. 47, 549 A.2d 1367 (1988) in determining whether Massey was a domestic servant. These cases are not controlling in the current matter and this Court does not find these out-of-state opinions to be compelling or persuasive. The California and Pennsylvania courts fail to strictly construe the definition of domestic servant contained in Section 287.090.1.

Black's Law Dictionary defines a domestic servant as, "a household servant." Black's Law Dictionary 501 (7th ed.1999). A "servant" is defined as "a person who is employed by another to do work under the control and directions of the employer." Massey was employed by the Spassers to take care of Mr. Spasser. She was formally interviewed by Mrs. Spasser. Mrs. Spasser required that Massey be a CNA in order to be hired. After being hired, Massey worked a set shift as designated by Mrs. Spasser and was paid

740

by the Spassers. Clearly Massey was under the control and directions of the Spassers. Missouri Workers' Compensation law, strictly construed, was not intended to apply to work done in private homes to care for the members of private households.

In finding that Massey was not a domestic servant the Commission did not strictly construe the Missouri Workers' Compensation Law as required by Section 287.800. Massey's injury is non-compensable under the Workers' Compensation Act by virtue of statutory exemption in Section 287.090.1.

### III. CONCLUSION

The Commission's decision is reversed. We find that Massey is a domestic servant and therefore ineligible for benefits under the Act.

KENNETH M. ROMINES, J., and THOMAS J. FRAWLEY, SP. J., concur.